SINCLAIR LAW, P.L.L.C. | 35560 Grand River Ave., Suite 343, Farmington Hills, MI 48335 | Phone: (313) 434-8486 | Fax: (248) 893-7071 | clsinclair99@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DREW'S GIRL PRODUCTIONS, LLC and
KIERRA SHEARD-KELLY,

                Plaintiff,

-v-

JERMAINE ENOCH HILL, EJH
CONSULTING, and NEXT INSURANCE,
INC.,

                Defendants.

Honorable
Case Number

---

CHRISTOPHER L. SINCLAIR
Sinclair Law, PLLC
Attorney for Plaintiff
35560 Grand River Ave, Suite 343
Farmington Hills, MI 48335
(313) 434-8486
clsinclair99@gmail.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, DREW'S GIRL PRODUCTIONS, by and through its Attorney, Christopher L. Sinclair, of SINCLAIR LAW, PLLC and for its complaint against Defendants states as follows:

### INTRODUCTION

1. This is an action for money damages brought pursuant the statutes and common law of the State of Michigan.

2. The lawsuit arises parties residing and/or doing business in Detroit, Michigan; Oakland County, Michigan; Beltsville, Maryland; Palo Alto, California; and Memphis Tennessee.

1

3. Jurisdiction is proper pursuant to 28 USC section 1332 and 1367.

4. Venue is proper pursuant to 28 USC section 1391(b) and (c).

## PARTIES

5. That Plaintiff, DREW'S GIRL PRODUCTIONS, is a Michigan Limited Liability Company that conducts business in the City of Detroit, County of Wayne, State of Michigan.

6. That Plaintiff, KIERRA SHEARD-KELLY, resides in Oakland County, Michigan and conducts business in the City of Detroit, County of Wayne, State of Michigan.

7. That Defendant, Jermaine Enoch Hill, resides in Beltsville, Maryland and conducts business in the City of Detroit, County of Wayne, State of Michigan.

8. That Defendant, EJH Consulting, is a Maryland Limited Liability Company that conducts business in the City of Detroit, County of Wayne, State of Michigan.

9. That Defendant, Next Insurance, Inc., is a California based corporation who at all relevant times insured Defendant Jermaine Enoch Hill and his company Defendant EJH Consulting who conducted business in the City of Detroit, County of Wayne, State of Michigan.

10. That this cause of action arose based on a contract signed in the City of Detroit, County of Wayne, State of Michigan.

11. That the amount in controversy exceeds seventy-five-thousand-dollars.

## GENERAL ALLEGATIONS

12. That Plaintiff incorporates by reference allegations contained in paragraphs 1 through 111 as though fully restated herein.

13. Defendant EJH Consulting, owned by Defendant Jermaine Enoch Hill, was hired by Plaintiffs to operate as the webmaster to facilitate ticket sales through Brushfire, the ticket hosting site, for an event.

SINCLAIR LAW, P.L.L.C.
35560 Grand River Ave., Suite 343, Farmington Hills, MI 48335  |  Phone: (313) 434-8486  |  Fax: (248) 893-7071  |  clsinclair99@gmail.com

SINCLAIR LAW, P.L.L.C.   |   Phone: (313) 434-8486   |   Fax: (248) 893-7071   |   clsinclair99@gmail.com
35560 Grand River Ave., Suite 343, Farmington Hills, MI 48335

14. As webmaster, Defendant Jermaine Enoch Hill and Defendant EJH Consulting, had sole access to bank account information as it related to Brushfire to accept funds for ticket sales to the event that was to take place in Memphis, Tennessee.

15. During the contract period, Defendant Jermaine Enoch Hill and Defendant EJH Consulting indicated that they had mistakenly entered a twenty-eight percent (28%) commission rate that they believed would be deducted from ticket sales.

16. Plaintiffs received notification from one purchaser, after the 28% commission rate was entered, concerning the additional fee connected to the attempt to purchase a ticket.

17. Brushfire confirmed that the 28% rate would be charged to the attendee/ticket purchaser and not deducted from ticket sales.

18. The issue with the entry of the 28% commission was resolved.

19. After individuals started purchasing tickets, Defendant Jermaine Enoch Hill and Defendant EJH Consulting, later confirmed that approximately $147,000 was transferred to the Bank of America account authorized by Plaintiffs and provided to Brushfire by Defendant Jermaine Enoch Hill and Defendant EJH Consulting to deposit ticket sale proceeds.

20. Bank records indicated that instead of the approximately $147,000 (that was known at the time) that was supposed to be deposited into the Bank of America account from Brushfire, only approximately $115,000 was deposited into Plaintiffs' authorized Bank of America account.

21. Further, bank statements indicated that even though deposits were supposed to be made from Brushfire into the authorized Bank of America account linked to Brushfire, that the funds were *transferred* from a Square account to the authorized Bank of America account.

22. Instead of the deposits being made from Brushfire into the Bank of America account that had been initially designated and authorized by Plaintiffs to receive funds from ticket sales from Brushfire, the funds had been intercepted by Defendant Jermaine Enoch Hill and Defendant EJH Consulting, and sent to a Square account controlled by Defendant Jermaine Enoch Hill and Defendant EJH Consulting instead of the Bank of America account authorized by Plaintiffs.

23. The proceeds from Brushfire were deposited into the Defendant Jermaine Enoch Hill and Defendant EJH Consulting Square account, and Defendant Jermaine Enoch Hill and Defendant EJH Consulting transferred funds from their Square account to the designated Bank of America account authorized by Plaintiffs.

24. According to records kept by Plaintiffs, after continued ticket sales, the amount deposited from Brushfire should have been approximately $204,000.

25. The amount transferred from the Square account that intercepted the ticket funds from the Event was approximately only $115,000.

26. Defendant Jermaine Enoch Hill and Defendant EJH Consulting alleged that that Brushfire transferred funds to the Bank of America account.

27. Brushfire, Bank of America, and Square have confirmed that they were not involved in said transfer(s).

28. Defendant Jermaine Enoch Hill and Defendant EJH Consulting acknowledged their "error" in fees with Brushfire, that it caused a loss, and requested an invoice to compensate Plaintiffs for the loss.

29. Defendant Jermaine Enoch Hill and Defendant EJH Consulting have failed to compensate Plaintiffs.

SINCLAIR LAW, P.L.L.C.
35560 Grand River Ave., Suite 343, Farmington Hills, MI 48335   |   Phone: (313) 434-8486   |   Fax: (248) 893-7071   |   clsinclair99@gmail.com

4

SINCLAIR LAW, P.L.L.C.
35560 Grand River Ave., Suite 343, Farmington Hills, MI 48335  |  Phone: (313) 434-8486  |  Fax: (248) 893-7071  |  clsinclair99@gmail.com

30. Defendant Jermaine Enoch Hill and Defendant EJH Consulting communicated their intention to terminate their relationship with Plaintiffs.

31. Plaintiffs then established new webmasters and changed the password to the Brushfire profile.

32. Plaintiffs then added additional Bank of America accounts controlled by Plaintiffs to the Brushfire profile in an effort to retrieve the missing funds.

33. After the resignation of Defendant Jermaine Enoch Hill and Defendant EJH Consulting, an money was transferred from the Square account to the authorized Bank of America account(s), but the full amount of funds deposited into the Square account have not been received.

34. Defendant Jermaine Enoch Hill and Defendant EJH Consulting provided information that they were insured by Defendant Next Insurance, Inc in order to file a claim to recover the loss.

35. However, an alleged misstatement of the actual date of loss caused Defendant Next to deny the claim.

## COUNT I – BREACH OF CONTRACT

36. Plaintiffs incorporate by reference allegations contained in paragraphs 1 through 35 as though fully restated herein.

37. A valid, legal contract existed and exists between competent parties, Plaintiffs and Defendant Jermaine Enoch Hill and Defendant EJH Consulting, for the purpose of Defendant Jermaine Enoch Hill and Defendant EJH Consulting being the webmasters for Plaintiffs' Event ticket sales site in exchange for a monthly payment rate of two-hundred dollars ($200.00). Both parties were mutually obligated.

5

SINCLAIR LAW, P.L.L.C.
35560 Grand River Ave., Suite 343, Farmington Hills, MI 48335 | Phone: (313) 434-8486 | Fax: (248) 893-7071 | clsinclair99@gmail.com

38. There was a material breach of the contract when Defendant Jermaine Enoch Hill and Defendant EJH Consulting switched the authorized Bank of America account to an unauthorized Square account, and kept money for Defendant Jermaine Enoch Hill and Defendant EJH Consulting that was supposed to go to Plaintiffs, which is a material breach of the contract.

39. Plaintiffs suffered severe financial and other damages as a direct result of Defendant Jermaine Enoch Hill and Defendant EJH Consulting's breach.

## COUNT II – BREACH OF FIDUCIARY DUTY

40. Plaintiffs incorporate by reference allegations contained in paragraphs 1 through 39 as though fully restated herein.

41. The contract between Plaintiffs and Defendant Jermaine Enoch Hill and Defendant EJH Consulting established a fiduciary duty because Defendant Jermaine Enoch Hill and Defendant EJH Consulting were entrusted with connecting the authorized Bank of America account to the Brushfire account to allow ticket proceeds (money) from the Event to go to said account.

42. Defendant Jermaine Enoch Hill and Defendant EJH Consulting were entrusted with large sums of money and sensitive information needed to facilitate the proper movement of said money.

43. Defendant Jermaine Enoch Hill and Defendant EJH Consulting breached their duty when they added an unauthorized Square account to the Brushfire site, redirected the funds from the Brushfire site and only transferred a portion of the proceeds from the ticket sales to the authorized Bank of America account.

SINCLAIR LAW, P.L.L.C.
35560 Grand River Ave., Suite 343, Farmington Hills, MI 48335 | Phone: (313) 434-8486 | Fax: (248) 893-7071 | clsinclair99@gmail.com

44. Defendant Jermaine Enoch Hill and Defendant EJH Consulting actions were the direct cause of Plaintiffs' severe financial and other losses.

## COUNT III - PROMISSORY ESTOPPEL

45. Plaintiffs incorporate by reference allegations contained in paragraphs 1 through 44 as though fully restated herein.

46. Defendant Jermaine Enoch Hill and Defendant EJH Consulting made a clear, definite, specific and unambiguous promise that could be reasonably construed as a firm commitment when Defendant Jermaine Enoch Hill and Defendant EJH Consulting agreed to not use the account credentials, payment information, and other pertinent information for any purpose other than completing the assigned tasks and to provide to Plaintiffs the money collected from Brushfire.

47. Defendant Jermaine Enoch Hill and Defendant EJH Consulting reasonably expected reliance on the statement because signing the contract would facilitate agreement for payment and actions consistent with the roles of a webmaster which include but are not limited to setting up payment information for Brushfire to facilitate the transfer of funds from ticket sales.

48. Plaintiffs actually relied on Defendant Jermaine Enoch Hill and Defendant EJH Consulting promise as evidenced by agreement to hire Defendant Jermaine Enoch Hill and Defendant EJH Consulting and reasonably relied on Defendant Jermaine Enoch Hill and Defendant EJH Consulting to complete the contracted work without redirecting funds for their own personal use.

49. Holding Defendant Jermaine Enoch Hill and Defendant EJH Consulting to their promise is the only way to prevent the injustice of Plaintiffs losing the money that was supposed to

be directed to the authorized Bank of America account and not the unauthorized Square account added by Defendant Jermaine Enoch Hill and Defendant EJH Consulting.

## COUNT IV – COMMON LAW CONVERSION and STATUTORY CONVERSION PURSUANT TO MCL 600.2919a

50. Plaintiffs incorporate by reference allegations contained in paragraphs 1 through 49 as though fully restated herein.

51. Defendant Jermaine Enoch Hill and Defendant EJH Consulting unlawfully converted or used their access to the Brushfire site to unlawfully, and without authorization, add a Square account to the Brushfire site that intercepted funds intended for payment to Plaintiffs via the authorized Bank of America account.

52. Intersecting the funds was for Defendant Jermaine Enoch Hill and Defendant EJH Consulting own use and for no purpose related to Plaintiffs or the purpose(s) for which Defendant Jermaine Enoch Hill and Defendant EJH Consulting were hired.

53. Defendant Jermaine Enoch Hill and Defendant EJH Consulting wrongfully exerted dominion and control over personal property and/or information in a way that was inconsistent with their actual rights.

54. Plaintiffs are entitled to actual and/or treble damages.

## DAMAGES

55. Plaintiff incorporates by reference allegations contained in paragraphs 1 through 54 as though fully restated herein.

56. By virtue of actions of all Defendants, Plaintiffs have suffered, and continue to suffer, damages, including, but not limited to:

   a. Legal bills and expenses;

   b. Pain, suffering and discomfort, past, present and future;

SINCLAIR LAW, P.L.L.C. | Phone: (313) 434-8486 | Fax: (248) 893-7071 | clsinclair99@gmail.com
35560 Grand River Ave., Suite 343, Farmington Hills, MI 48335

    c. Mental anguish;

    d. Denial of social pleasures and enjoyment;

    e. Embarrassment, humiliation, or mortification;

    f. Other economic loss;

    g. Any and all injuries later discovered or otherwise allowed under Michigan law.

57. By virtue of all Defendants' outrageous and egregious actions, Plaintiffs are entitled to recover compensatory and punitive damages and treble damages.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter a judgment in Plaintiffs' favor and against Defendants jointly and severally in an amount that is just and fair, and award costs, interest, and attorney fees as well as punitive, exemplary or hedonic damages or treble or any other damages available under the law. Plaintiffs also request declaratory judgement as it relates to Defendant Next Insurance, Inc.'s responsibility to pay claim in this matter.

*Respectfully Submitted*,

/s/ Christopher L. Sinclair
_____
CHRISTOPHER L. SINCLAIR (P80512)
SINCLAIR LAW, PLLC
Counsel for Plaintiff
35560 Grand River Ave, Suite 343
Farmington Hills, Michigan 48335
(313) 434.8486
Clsinclair99@gmail.com

Dated:        October 20, 2025

SINCLAIR LAW, P.L.L.C.
35560 Grand River Ave., Suite 343, Farmington Hills, MI 48335 | Phone: (313) 434-8486 | Fax: (248) 893-7071 | clsinclair99@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DREW'S GIRL PRODUCTIONS, LLC and
KIERRA SHEARD-KELLY,

                            Plaintiff,

-v-

JERMAINE ENOCH HILL, EJH
CONSULTING, and NEXT INSURANCE,
INC.,

                            Defendants.

Honorable
Case Number

---

CHRISTOPHER L. SINCLAIR
Sinclair Law, PLLC
Attorney for Plaintiff
35560 Grand River Ave, Suite 343
Farmington Hills, MI 48335
(313) 434-8486
clsinclair99@gmail.com

---

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury in the above-captioned matter.

                        *Respectfully Submitted*,

                        /s/ Christopher L. Sinclair
                        _____
                        CHRISTOPHER L. SINCLAIR (P80512)
                        SINCLAIR LAW, PLLC
                        Counsel for Plaintiff
                        35560 Grand River Ave, Suite 343
                        Farmington Hills, Michigan 48335
                        (313) 434.8486
                        Clsinclair99@gmail.com

Dated:         October 20, 2025

SINCLAIR LAW, P.L.L.C.  |  Phone: (313) 434-8486  |  Fax: (248) 893-7071  |  clsinclair99@gmail.com
35560 Grand River Ave., Suite 343, Farmington Hills, MI 48335