UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DREW'S GIRL PRODUCTIONS,
LLC and KIERRA SHEARD-
KELLY,

       Case No. 25-13322

       Plaintiffs,

v.

       Hon. F. Kay Behm
       U.S. District Judge

JERMAINE ENOCH HILL, EJH
CONSULTING, and NEXT
INSURANCE, INC.,

       Defendants.

_____ /

## ORDER ON MOTION TO PERFECT SERVICE (ECF No. 22)

Plaintiffs Drew's Girl Productions, LLC (Drew's Girl) and Kierra

Sheard-Kelly filed this civil action in the Eastern District of Michigan

on October 20, 2025, for breach of contract and other state law claims

against Defendants Jermaine Enoch Hill, EJH Consulting, and Next

Insurance, Inc.  ECF No. 1.  Next Insurance has appeared and filed an

answer.  ECF No. 10.  As to Hill and EJH Consulting, Plaintiffs sought

entry of default several times, but each were denied by the Clerk's office

for failure to comply with the requirements of Rule 4.  *See* ECF Nos. 11,

12, 13, 15, 17, 19, 20.

1

Plaintiffs followed these with a motion to perfect service (ECF No. 22), asking that the court find that service has been properly effectuated as to Hill and EJH Consulting.  Plaintiffs then followed that motion with waivers of service returned executed on January 14, 2026.  ECF Nos. 25, 26.  Plaintiff bears the burden of proof of perfecting service and proving that proper service was made.  *Tepe v. Whirlpool Corp.*, No. 22-5826, 2023 WL 6130297, 2023 U.S. App. LEXIS 13818, at *3 (6th Cir. June 2, 2023) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)); *Breezley v. Hamilton County*, 674 F. App'x 502, 505 (6th Cir. 2017).

## I.     PLAINTIFFS DID NOT EFFECTUATE PROPER SERVICE

Plaintiffs attempt to show service on both Hill and EJH Consulting via certified mail.  However, Plaintiffs have not met their burden of proof to show that service was properly effectuated as to either Defendant.

### A.     Service on Enoch Jermaine Hill

Under Rule 4(e), an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P.

4(e)(1).  This court is located in Michigan; both Defendants at issue are located in Washington, D.C.  ECF No. 22, PageID.92.  Michigan law allows service on individuals "by registered or certified mail, return receipt requested, and delivery restricted to the addressee[.]"  Mich. Ct. R. 2.105(A)(2).  "Service is made when the defendant acknowledges receipt of the mail.  A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2)."  *Id.* District of Columbia law also permits service on individuals via "registered or certified mail, return receipt requested," or first-class mail requesting an acknowledgment, addressed "to the person to be served."  D.C. Super Ct. R. Civ. P. 4(c)(4), 4(c)(5).  The requirements of return receipt requested or requesting an acknowledgement imply a similar requirement that a signed acknowledgement or return receipt is actually provided to the court.  *See Skewes-Cox v. Georgetown Univ. L. Ctr.*, No. 24-5065, 2025 LX 196907, at *6 (D.C. Cir. Apr. 14, 2025) ("To prove effective service by mail under D.C. law, . . . a plaintiff must show that the summons and complaint were delivered to a recipient authorized to accept service of process."); *cf. United States v. Gluklick,* 801 F.2d 834, 836 (6th Cir. 1986) ("The courts, consistent with the legislative history, have held that the defendant's failure to

3

acknowledge service renders such service invalid. . . .") (citation omitted); *Geiger v. Allen*, 850 F.2d 330, 332 n.3 (7th Cir. 1988) ("The rule in this and other circuits is that service by mail is not complete until an acknowledgment is filed with the court."); *Worrell v. B.F. Goodrich, Co.*, 845 F.2d 840, 841 (9th Cir. 1988) (virtually every court that has examined the rule has concluded that service fails unless defendant returns acknowledgment form); *Stranahan Gear Co., Inc. v. NL Indus., Inc.*, 800 F.2d 53, 57-58 (3rd Cir. 1986); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1088-89 (4th Cir. 1984); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 (6th Cir. 1991). Thus both Michigan's and D.C.'s rules for service on an individual by certified mail require a signed acknowledgment from a recipient authorized to accept service of process.

To prove that Hill in fact received the summons and complaint, Plaintiffs provided: 1) an affidavit of the process server that she served Hill via certified mail and that he acknowledged this by text message (ECF No. 22, PageID.95), 2) proof of both Defendants' address (ECF No. 22, PageID.114), 3) a copy of the text message allegedly from Hill (ECF No. 22, PageID.100), 4) a signed return receipt (ECF No. 22, PageID.105), an unsigned return receipt (ECF No. 22, PageID.88). But

Plaintiff provides no authority for the proposition that an unsigned text message is sufficient to substitute as proof of signature for a particular delivery.  And in other contexts, text messages may only be considered "signed" writings if the author types their name in the message. *Compare Brewfab, LLC v. 3 Delta, Inc.*, 580 F. Supp. 3d 1201, 1210 (M.D. Fla. 2022) (finding signed writing where text reading: "'I [G]eorge Russo' expressly identifie[d] Russo as the author"), *and CAM Tr. v. Revere High Yield Fund, LP*, No. A-1250-17T3, 2018 WL 5810296, at *4 (N.J. Super. Ct. App. Div. Nov. 7, 2018) (finding emails were signed "writings" when the defendant's representative ended the email by typing his name, title, and contact information), *with Tayyib Bosque, Corp. v. Emily Realty, LLC*, No. 17-cv-512, 2019 U.S. Dist. LEXIS 100900, 2019 WL 2502494, at *6 (S.D.N.Y. June 17, 2019) (no signed writing when plaintiff failed to show proof that Defendant "signed" the text messages).  The text messages provided by Plaintiffs in this case have no typed name or clearly identifying information other than the number itself – but the phone number is not sufficient to indicate a particular person's signature or count as that person's "signed" writing. Meanwhile, the only signature on any completed return receipt provided is unreadable except for words that appear to say "Mail

5

Room."  ECF No. 22, PageID.105.  Whatever name is signed, it does not appear to be Hill's name, which is not sufficient to show that this recipient was authorized to accept process.  *See id; Smith v. Robertson,* No. 24-12213, 2025 LX 416200, at *4 (E.D. Mich. Sep. 30, 2025) (return receipt signed by third party who Plaintiff did not prove was Defendant's agent found insufficient to show that Defendant received the summons and complaint).

## B.    Service on EJH Consulting

Federal Rule of Civil Procedure 4(h) governs service of a "domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name[.]"  Within the United States, such organizations must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant;

Fed. R. Civ. P. 4(h)(1); *see also Thorpe v. Dumas*, 788 F. App'x 644, 648 (11th Cir. 2019) ("Service by certified mail generally does not constitute

'delivery' under subsections of Rule 4," and collecting cases).  However, under Rule 4(e)(1), service may also be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Because Plaintiff did not personally serve the resident agent under Fed. R. Civ. P. 4(h), for service to have been proper, either Michigan (where this court is located) or D.C. (where service was attempted) must permit service on a corporation by certified mail.

Under the Michigan Court Rules, service of process on a corporation can be made by:

> (1) serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent;

> (2) serving a summons and a copy of the complaint on a member or other person in charge of an office or business establishment of the limited liability company and sending a summons and a copy of the complaint by registered mail, addressed to the registered office of the limited liability company.

Mich. Ct. R. 2.105(H).  Courts in this district have consistently held that service of a corporation via certified mail alone is not sufficient to meet the requirements of Rule 4 or Mich. Ct. R. 2.105.  *State Farm Fire & Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, No. 05-74700, 2007

7

WL 127909, at \*3 (E.D. Mich. Jan. 11, 2007); *Quinable, Inc. v. Bloomfield Hills SNF, LLC*, No. 23-cv-12624, 2024 U.S. Dist. LEXIS 190191, \*3 (E.D. Mich. Oct. 18, 2024); *Howard v. Seifert J.*, No. 4:23-cv-12549, 2024 U.S. Dist. LEXIS 72861, at \*8 (E.D. Mich. Jan. 5, 2024), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 72228 (E.D. Mich. April 19, 2024) ("It is well-established that certified mail is not a proper way to serve a corporation in Michigan.") (collecting cases).  So Michigan law provides no authority for service in the manner Plaintiffs attempted.

District of Columbia law works differently.  The D.C. Superior Court Rules—the relevant "state" service of process rules—permit plaintiffs to serve corporations by mail.  *Skewes-Cox v. Georgetown Univ. L. Ctr.*, No. 24-5065, 2025 LX 196907, at \*6 (D.C. Cir. Apr. 14, 2025).  But as with an individual, service of process by certified mail under D.C. law is valid only if the mail is signed for by an employee who is designated and authorized to receive service of process.  *Id.*; *see also Bowers v. Janey*, 468 F. Supp. 2d 102, 2006 U.S. Dist. LEXIS 45951 (D.D.C. 2006).  And as explained above, none of Plaintiff's exhibits include proof of signature by an employee shown to be designated to receive service of process.  And Hill's unsigned text messages do not

suffice as a signed writing sufficient to prove service was perfected or show that EJH Consulting's authorized agent received service of process.

For these reasons, service was not perfected as to Hill or EJH Consulting.

## II.   WAIVERS OF SERVICE

In the alternative, Plaintiffs asks for the court to extend the time necessary to obtain waivers of service.  ECF No. 22, PageID.84.  But they subsequently filed waivers that appear to be properly signed by both Hill and EJH Consulting.  ECF Nos. 25, 26.  And the waivers filed on the docket are effective as filed because they were filed within the 90 days established by Rule 4(m).  *See* Fed. R. Civ. P. 4(d)(4), 4(m).  So the court need not extend the time to effect service because service was properly effected under Rule 4(d).

## III.   CONCLUSION

Plaintiffs have not met their burden to show that service was properly effectuated as to either Defendant Hill or EJH Consulting, so the primary relief sought in their motion to perfect service is **DENIED**. Because their waivers of service are effective as filed, their alternative

relief is **DENIED AS MOOT**.

    **SO ORDERED**.

Date: February 26, 2026           <u>s/F. Kay Behm</u>
                                        F. Kay Behm
                                        United States District Judge